ON EE-HEAEING.
The question of jurisdiction, although not elaborately discussed in the opinion, was fully considered. It is by reason of the concurrent jurisdiction of courts of law and equity in cases of partition under our law, that the Law Court has the power to do and decree whatever the Chancery- Court may rightfully do, in order to effect partition.
Sale for partition is as much a- .power of the courts as the partition of the land itself; and whenever the right to partition exists, it may be enforced by sale of the land when its partition is impracticable. The right exists in a tenant in common; and being a right, he may enforce it against all joint claimants to the land with him. It would be a practical denial of this right to hold that he should have no remedy for its enforcement during the continuance of the life estate, or for so long a period as, by possibility, the life tenant might give birth to contingent remaindermen. It would be to say he should not have or enjoy that to which he has an admitted present right until it is seen whether the contingency of *308 the birth of contingent remaindermen will happen,, and until it is further seen whether they or any of them shall be living at the time of the death of the life tenant.
The Law Court has the jurisdiction to partition or sell land for partition, concurrent and co-extensive with the Chancery Court, and may partition or sell when a. court of Chancery might do so in like circumstances.